IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

TUERE BARNES,

    Plaintiff,

v.                              CIVIL ACTION NO. 1:14-17631

BART MASTERS, et al.,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

    By Standing Order, this action was referred to United States Magistrate Judge Omar J. Aboulhosn for submission of findings and recommendation regarding disposition pursuant to 28 U.S.C.A. § 636(b)(1)(B).  Magistrate Judge Aboulhosn submitted to the court his Findings and Recommendation ("PF&R") on March 17, 2017, in which he recommended that the district court deny plaintiff's application to proceed in forma pauperis, dismiss plaintiff's complaint, and remove this matter from the court's active docket.

    In accordance with the provisions of 28 U.S.C.A. § 636(b), the parties were allotted fourteen days, plus three mailing days, in which to file any objections to Magistrate Judge Aboulhosn's Findings and Recommendation.  The failure of any party to file such objections constitutes a waiver of such party's right to a de novo review by this court.  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989).

On April 24, 2017, plaintiff filed objections to the PF&R. Those objections were not timely nor did plaintiff seek leave of the court to file objections outside the operative timeframe.* Nevertheless, the court has conducted a de novo review of plaintiff's complaint and his objections to the magistrate judge's PF&R.

On June 4, 2014, plaintiff, an inmate formerly incarcerated at FCI McDowell, filed the instant complaint seeking relief under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 395-97 (1971). Plaintiff's complaint arises out the treatment he allegedly received while at FCI McDowell. In his PF&R, Magistrate Judge Aboulhosn recommended that plaintiff's Bivens claims be dismissed for failure to exhaust administrative remedies.

With respect to his failure to exhaust, in his objections (ECF No. 13), plaintiff stated:

> They said I didn't exhaust my remedies, which is completely untrue, the remedies that I could Exhaust I did them fully, but the ones that the staff interfered with there wasn't much I can do. I submitted proof of me writing several complaints about my process being hindered to the regional

---

* The prison mailbox rule does not operate to make the filing of plaintiff's objections timely. That rule provides "that a pro se litigant's legal papers are considered filed upon `delivery to prison authorities, not receipt by the clerk.'" United States v. McNeill, 523 F. App'x 979, 981 (4th Cir. 2013) (quoting Houston v. Lack, 487 U.S. 266, 275 (1988)). Plaintiff's objections were due on April 3, 2017. However, his objections were dated April 18, 2017, indicating that they were prepared and delivered to prison officials after the deadline for filing.

2

> director K. Williams which went ignored as well, it
> seems they find one or two that weren't fully
> exhausted and they argue those but the other dozen
> or so they leave alone.  So I think the case in
> point is that I filled every instance, and the one
> or two which weren't fully exhausted was only based
> on the defendants.

Plaintiff's Objections at p. 1 (ECF No. 13).  Notwithstanding plaintiff's allegations to the contrary, the foregoing does not establish that plaintiff has exhausted his administrative remedies.

Claims under <u>Bivens</u> and claims under the FTCA are separate and distinct causes of action.  Under <u>Bivens</u> inmates may assert claims of personal liability against individual prison officials for violations of their constitutional rights but may not assert claims against the government or prison officials in their official capacities.  <u>Howard v. Federal Bureau of Prisons</u>, 198 F.3d 236, 1999 WL 798883, *1 (4th Cir. Oct. 7, 1999).  Both <u>Bivens</u> and the FTCA require that a claim thereunder be exhausted prior to bringing suit.  However, the exhaustion requirements under <u>Bivens</u> are different than the exhaustion requirements under the FTCA.  <u>Jiminez v. United States</u>, No. 11 Civ. 4593(RJS), 2013 WL 1455267, *5 (S.D.N.Y. Mar. 25, 2013) ("[T]he exhaustion requirements under the FTCA are different from those required for a <u>Bivens</u> action."); <u>Smith v. United States</u>, No. 09-CV-314-GFVT, 2011 WL 4591971, *4 (E.D. Ky. Sept. 30, 2011) ("In other words, the FTCA and <u>Bivens</u> each have their own exhaustion procedures,

and Smith has a duty to fully exhaust the administrative remedies required by the two different claims."); Fulwylie v. Waters, Civil Action No. 2:08cv76, 2009 WL 3063016, *5 (N.D.W. Va. Sept. 22, 2009) ("The exhaustion requirement for a Bivens claim is separate and distinct from the exhaustion requirements under the Federal Tort Claims Act. . . ."); Tolliver v. Edgefield Correctional Institution, No. 0:060903-PMD, 2006 WL 1391447, *4 (D.S.C. May 16, 2006) ("While Plaintiff's filings indicate he may have exhausted the BOP grievance procedure, which is a prerequisite to filing a Bivens action, exhaustion of administrative remedies for an action under the FTCA is vastly different."). "[E]xhaustion of a Bivens claim requires a prisoner to fully comply with all four stages of the internal prison grievance procedure. In contrast, to exhaust an FTCA claim, a prisoner must file an administrative claim directly with the BOP, and obtain a final ruling. No further appeals are required." Bradley v. Meadows, No. 2:11CV00153 JMM/JTR, 2012 WL 1831459, *2 n.7 (E.D. Ark. May 18, 2012).

With respect to the exhaustion of plaintiff's Bivens claims, the record supports Magistrate Judge Aboulhosn's conclusion that such claims were not properly exhausted. Plaintiff's contention that they were fully exhausted or that the BOP interfered with his efforts are belied by the record. Barnes states that he has "utilized the FBOP Administrative procedure at

McDowell on over 35 occasions over the course of 7 months." ECF No. 2 at p.23. He goes on to write about his frustration with the grievance process and, in particular, the fact that some of his complaints went unanswered. See id. According to Barnes, FCI McDowell's "administrative policy is inadequate and not viewed as credible by Plaintiff." Id.

The PLRA "requires proper exhaustion." Woodford v. Ngo, 548 U.S. 81, 93 (2006). In order to properly exhaust his claims, a prisoner must "us[e] all steps" in the administrative process; he must also comply with any administrative "deadlines and other critical procedural rules" along the way." Id. at 90-91. The record does not support Barnes' assertion that he fully exhausted his administrative remedies as to any of his Bivens claims. Furthermore, to the extent he argues that his failure to exhaust should be excused based upon the lack of response from the BOP, such an argument is without merit.

> The BOP's administrative remedy program contemplates such a scenario per the following regulation: "If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18. Thus, the warden's alleged failure to respond constitutes a denial, and if Petitioner is dissatisfied, he must still pursue the next two levels of administrative review by appealing to the appropriate regional director, and if necessary, to the general counsel. See 28 C.F.R. §§ 542.14 and 542.15.

Taylor v. Warden, Satellite Prison Camp at Edgefield, South Carolina, Civil Action No.: 2:16-cv-01826-RBH, 2017 WL 359497, *3 (D.S.C. Jan. 25, 2017) (internal footnote admitted); see also Douglas v. Johns, No. 5:09-CT-3180-FL, 2011 WL 2173627, *2 (E.D.N.C. Jun. 2, 2011) ("Plaintiff argues that his failure to exhaust should be excused because the Regional Office did not respond to his BP-10 Administrative Remedy Request. (Or at least, the he never received the BOP's response.) . . . [P]laintiff should have treated the lack of response as a denial of his request, and was obligated to appeal that denial to the next level of the administrative process in order to completely exhaust his remedies."). Because Barnes has not fully exhausted his administrative remedies with the BOP, his Bivens claim must be dismissed.

For all these reasons, plaintiff's objections regarding exhaustion are **OVERRULED**. As this issue is dispositive, the court does not reach plaintiff's other objections.

Having reviewed the Findings and Recommendation filed by Magistrate Judge Aboulhosn, the court adopts the findings and recommendations contained therein. Accordingly, the court hereby **DENIES** plaintiff's application to proceed in forma pauperis; **DISMISSES** plaintiff's complaint; and **DIRECTS** the Clerk to remove the case from the court's docket.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to plaintiff, pro se, and counsel of record.

**IT IS SO ORDERED** this 26th day of September, 2017.

ENTER:

*David A. Faber*
David A. Faber
Senior United States District Judge